<div style="text-align:center">بِسْمِ اللَّهِ الرَّحْمَٰنِ الرَّحِيمِ</div>

Rashon Sapp *Pro-Se*

RECEIVED

2024 NOV 32  A 10: 35

UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

USDC FOR NJ

DOCKET NO.: 3:24-cv-10360-GC-JTQ

Amended Complaint


Plaintiff's Name

Rashon Sapp


v.


Defendant's Name,

Trenton Board of Education, Thomas Jefferson Intermediate School, James Rolle Jr


### Civil complaint

Pursuant to Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

I, Plaintiff, Rashon Sapp, residing at 819 Parkside Ave, by way of an Amended Complaint against **Defendant**, Trenton Board of Education, Thomas Jefferson Intermediate School, James Rolle Jr allege as follows:

<div style="text-align:center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

## Parties

Plaintiff, Rashon Sapp, is a resident of Mercer County, New Jersey, and the father of a minor child attending Thomas Jefferson Intermediate School.

Defendant, James Rolle Jr, is employed as General Counsel for the Trenton Board of Education, is a public body responsible for overseeing the public schools in the City of Trenton, New Jersey, with administrative offices located at 108 North Clinton Avenue, Trenton, NJ 08609.

Defendant, Thomas Jefferson Intermediate School is a public school located in Trenton, New Jersey operating under the authority of the New Jersey Department of Education and Trenton Public School District.

Defendant, Trenton Board of Education or Trenton Public School District is a comprehensive community public school district, serving students in grades pre-K-12 from Trenton (Mercer County), New Jersey.

## Jurisdiction and venue

This Court has federal question jurisdiction over this civil action arising from 42 U.S.C. § 1983, and 14th amendment of the United States Constitution as the cause of action.

Venue is properly laid in this Court pursuant to the applicable rules under 28 U.S.C. § 1343.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

The United States District Court therefore has original subject matter jurisdiction over the Complaint pursuant to the provisions of 28 U.S.C. § 1331,

## Introduction

Substantive due process has been interpreted to include the right to raise your children and due process requires an opportunity to be heard before a liberty interest is restricted. Mathews v. Eldridge, 424 U.S. 319, 331-334 (1976). The Trenton Board of Education specifically James Rolle Jr, barred me from ALL Trenton public school buildings, including sporting events via a hand-delivered letter, 1) without giving me a clear and timely notice that there was an action pending against me, 2) without giving me an opportunity to present my evidence and arguments before a neutral decision-maker, 3) nor granting me the ability to cross-examine witnesses and challenge evidence presented against me. There was however, a meeting. The meeting was held on September 27th 2024, at 1 Whittlesey Ave, Trenton NJ 08618.

## Standard of Review

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress (42 U.S.C. 1983).

<p align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</p>

The Supreme Court has defined retaliation as an intentional act in response to a protected action. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). Citing Jackson, the court in Gutierrez underscored the intentional nature of a retaliation complaint: **"Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment."** Gutierrez, 2005 WL 2346956, at *5. **The complained of matter need not be a complaint; it can be any lawful conduct that an individual engages in connected with a protected right.** "The very concept of retaliation is **that the retaliating party takes action against the party retaliated against after, and because of, some action of the latter.**" Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of "getting even." See id. As noted in a 2011 law review article:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. (14th Amendment)

## Statement of Facts

1. I have joint legal custody of my minor child.

2. My child started his first year of 4th grade at Thomas Jefferson Intermediate School. For 3rd grade he attended a different Trenton public school. Thursday September 5th was the first day of school for Thomas Jefferson Intermediate School, located at 1 Whittlesey Ave, Trenton NJ, 08618.

<div align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

3. I am a Muslim. Friday is our religious day. In our Holy Book, God says "O ye who believe! When the call is proclaimed to prayer on Friday (the Day of Assembly), hasten earnestly to the Remembrance of Allah, and leave off business (and traffic): That is best for you if ye but knew!

4. Every Friday at noon, my child and I would come together and join our brothers for the Friday sermon and prayer. Friday September 6th, I picked him from Thomas Jefferson Intermediate School at noon for prayer. There was no problem. The following week, September 13th, I picked him from Thomas Jefferson Intermediate School at noon for prayer. That day, I spoke directly to Principal Nadia Ramcharan (Hereinafter: Ms. Ramcharan).

5. I expressed to Ms. Ramcharan that I would be picking Aiden up every Friday for prayer and that I can write her a letter if need be. She responded that she would need to confer with the school manual on the proper procedures but for the time being she said that I can take him out. We left. There was no problem.

6. On September 17th, I wrote Ms. Ramcharan a letter stating that due to our religious obligations as practicing Muslims, I will be picking up my child, for early dismissal every Friday between 12:00 p.m. and 1:00 p.m., if God willed. (See attached) [Titled: Letter to Principal]

7. In my letter I included a request for my child's teacher to prepare any necessary work or assignments for the day ahead of time, so that my child can complete any missed lessons or tasks at home.

8. On September 20th 2024, I went into the school building to pick up my child for prayer. The security guard said "My supervisor told me that I can't let Aiden go with you". I demanded

<div align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

to speak with the principal and then I waited in the main office until Ms. Ramcharan said I could come in. She was there with another woman.

9. Ms. Ramcharan was holding a paper. I asked her why I cannot pick my son up, and she replied, Ms. Barber (my son's mom) told her that I only pick him up on Monday and Wednesday.

10. I told Ms. Ramcharan that it was not true, that order is outdated, and that I have the official court order. She said "Well mom brought in this paper, so until we see yours, I cannot let him leave". I left the school building and went to the court house to get a copy of the most recent court order and I returned to the school that same day.

11. Ms. Ramcharan read it and said "Well, He can pray here in school and that 2 ½ hours once a week was too much for my child to miss". I told Ms. Ramcharan that I would sue her.

12. On September 20th, I filed a formal complaint with the Department of Education @ email address - school.ethics@doe.nj.gov. On September 23rd, 2024 I filed a civil lawsuit against Nadia Ramcharan in the Superior Court of Mercer County.

13. As of November 30th 2024, I have yet to receive any documentation, letter or answer to why my religious request was denied.

14. I returned that following Monday September 23rd with the 2 officers from the Trenton Police Department. I was escorted by those two officers into the main office and then into Ms. Ramcharan's office. This time she was there with the vice principal Aaron Brooks (hereinafter: Mr. Brooks or Vice Principal Brooks).

<div align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

15. In the room are myself, the two Trenton police officers, Ms. Ramcharan and vice principal Brooks. I asked the officers were they recording, they said yes, then I asked Ms. Ramcharan for the paper stating why my religious request was denied.

16. She replied "The Board will be sending it to you". Then I asked her for whatever papers are in her possession from Ms. Barber concerning me. Ms. Ramcharan said "this is all we have" and she handed me a copy of my restraining order".

17. The two police officers escorted me out, and while doing so, Ms. Ramcharan asked to speak with the officers privately. I have neither spoken to nor seen Ms. Ramcharan from that day.

18. On Wednesday September 25th, my child was suspended from school.

19. I pick my child up from school every Monday, Wednesday and Friday. Ms. Ramcharan knew this because she gave me back a copy of my restraining order against Ms. Barber containing the parenting schedule. However, intentionally to spite me, she called Ms. Barber to pick our child up on my parenting day.

20. I called the Trenton Police Department's non-emergency line to fill at bias crime against the principal Ramcharan.

21. I walked to the school, it was an 8minute walk or so, and it was beginning to rain. When I arrived, Mr. Brooks was Infront of the school on 1 Whittlesey Ave, he was handling the school bus traffic.

<div align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

22. I told Mr. Brooks; that I called the cops and I asked him if he was okay with me sitting across from the school while I wait. He said no problem. Then he asked me why I was at the school. I told him why.

23. I told him that Ms. Barber is using the school system to harass me; I brought his attention to the fact that Ms. Barber brought the school my restraining order. His exact words were "Why would she bring us your restraining order, that's weird".

24. He then proceeded to tell me that Ms. Ramcharan did not call Ms. Barber, He did and that it was an honest mistake. I told him God was our witness, and that since he admitted that it was mistake, I didn't need to proceed further. I called the Trenton Police Department back and cancelled the complaint.

25. Mr. Brooks swore that from now on, he would call me on Monday's, Wednesday's and Friday's --- which are my court appointed days and that was satisfactory for me.

26. My son was scheduled to come back to school that Friday, Mr. Brooks informed me that there would be a meeting. I told him OKAY, I'll be there. He said alright and that was the end of our conversation.

27. Later that day On September 25th, I spoke with my child's mother via the court appointed talking parent app.

28. Her response was "Rashon, I took the court order to the school because it was raised concerns about Aiden leaving school early two Fridays in a row when I had no idea of it and it's not ok." If God wills, I can produce the screenshot of the conversation at discovery.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

29. On Thursday September 26th I returned to the school to ask who contacted Ms. Barber with concerns. Again, I was met at the door by Mr. Brooks. He asked me to ask Ms. Barber – Who exactly called her with concerns because the principal does not usually make phone calls regarding attendance.

30. On Thursday September 26th, I said to Ms. Barber via the court appointment talking parent's app "Bismillah. I just left the school, the vice principal (the one you brought the paper too), He specifically asked me to ask you. "Who exactly called you from the school to tell you that they had concerns over him missing 2 Fridays in a row." God, willing I can produce the screen shot of the conversation. Ms. Barber read my message and ignored my question.

31. The very next day, Friday September 27th I got to Thomas Jefferson Intermediate school at 8am. School starts at 8am so I assumed that the meeting would be at 8am. I went up to the school door and the security made me wait outside. Mr. Brooks was over to my right. He said Mr. Sapp why are you here so early the meeting isn't until 9am. I said okay, no problem I will come back at 9am. Mr. Brooks said okay. I left.

32. I came back roughly 8:50am. When I got to the door, the security guards instantly tell me *"I cannot come in because the school is on lockdown, no one in and no one out"*. I called the Trenton police emergency line to report a bias crime.

33. While I was waiting for the police to arrive, the security guards let in 4 women and 1 other male employee. I was recording and if God wills, I can produce the evidence. They would signal every woman and child to come to the side door, while I was left outside.

34. Then Ms. Barber (my child's mother) came walking up and they immediately let her in the building. I was recording and I can produce the evidence. Mr. Brooks was standing directly

<div align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

in front of the door, staring at me like he didn't know what was going on. He knew 2 days prior and 1-hour prior that I would be there.

35. Then I sat down on the ground near the entrance of the school and began reading my Holy Book, while I wait for the police to arrive. Two police officers arrive, they were the same two officers who escorted me in previously, and the same two officers Ms. Ramcharan spoke with privately.

36. I was recording and if God wills, I can produce the evidence. I stood up anticipating that they were there because I called them. They walked right past me and said "You have to wait, because the school called first". I sat back down and continued reading.

37. Another officer arrives and just like his two colleagues he walked right past me into the building. Inside the school building, Ms. Ramcharan, Mr. Brooks, Ms. Barber and the 3 police officers conducted a private meeting.

38. I continued reading my Holy Book, then something told me to leave because they are planning to do something evil to you. So, I took heed and I left. Roughly 20 minutes after I arrived home, I received a hand delivered letter stating

"Effectively immediately and until further notice, you are prohibited from entering any Trenton Board of Education building for any reason, including any sporting events. You are expected to make alternative arrangements to pick-up and drop off your child. If you believe you need to be present at the school location for any reason, you must receive prior approval from the building principal before entry and you may enter only for the limited purpose that entry was granted. If you are found to be on school grounds without the necessary approval, you will be deemed a

<div align="center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

trespasser, removed from the premises, and the police will be called.". Signed by James Rolle Jr of the Trenton Board of Education.

39. The board of education has yet to provide one piece of evidence to support their ban.

## LEGAL CLAIMS

### COUNT 1. Deprivation of Rights Under 42 U.S.C. § 1983

42. I, Plaintiff repeats and re-alleges 1-38 of the preceding paragraphs as though fully set forth herein.

43. The defendant, James Rolle Jr acting under the color of law, as General Counsel for the Trenton Board of Education, used his position as General Counsel for the Trenton Board of Education to violate my 14th Amendment Right to due process of law.

### COUNT 2. Retaliation

46. I, Plaintiff repeat and re-allege 1 - 38 of the preceding paragraphs as though fully set forth herein.

47. The defendant in retaliation for filing a lawsuit against Principal Ramcharan, a protected activity, and while acting under the color of law as General Counsel for the Trenton Board of Education, conducted a meeting where he banned me from ALL Trenton Board of Education buildings, without giving me due process law.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

48.     The defendant in retaliation for filing a lawsuit against Principal Ramcharan, a protected activity, and while acting under the color of law as General Counsel for the Trenton Board of Education used that meeting to deprive me of my substantive right to parent my child.

### COUNT 3. Violation of Due Process Clause (14th Amendment)

50.     I, Plaintiff repeat and re-allege 31 - 38 of the preceding paragraphs as though fully set forth herein.

51.     By participating in the fraudulent meeting used to deny me access to ALL Trenton Public school buildings and sporting events, and by failing to provide me due process of law or adequate procedural safeguards; the defendant used his position as General Counsel for the Trenton Board of Education to violate my 14th Amendment Right to due process of law.

52.     **No hearing, investigation, or communication was made prior to this action, which violates my right to due process under the U.S. Constitutions.** Today, I am still barred and no one from the board of education has contacted me to explain what the complaint was, who filed it, or what the evidence is against me.

### RELIEF SOUGHT

WHEREFORE, I, Plaintiff respectfully request that the Court grant the following relief:

<div style="text-align:center">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

53. Declaratory judgment stating that Defendants failed to provide due process of law and by doing so violated my substantive right to parent my child and my substantive right to parent my child under the United States Constitution.

54 An injunction preventing Defendants from enforcing the prohibition barring me from entering Trenton Board of Education buildings.

55. An order requiring Defendant to immediately provide a written statement as to why my request was denied.

56. Compensatory damages for the emotional distress and harm suffered by Plaintiff as a result of Defendant's actions;

57. Punitive damages of $400,000 USD to deter Defendant and other public officials from engaging in similar retaliatory conduct in the future;

58. Reasonable attorneys' fees and costs of this action;

59. Any other relief this Court deems just and equitable.

<div dir="rtl">بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ</div>

JURY DEMAND. The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to 28 USC App Fed R Civ P Rule 38: Jury Trial of Right

Respectfully submitted, *[signature] Rashon Sapp  12/1/2024*

Rashon Sapp, Plaintiff