بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

Rashon Sapp *Pro-Se*

UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

DOCKET NO.: 3:24-cv-10360-GC-JTQ

Amended Complaint

Plaintiff's Name

Rashon Sapp

v.

Defendant's Name,

Trenton Board of Education, James Rolle Jr, Nadia Ramcharan, Aaron Brooks

### Civil complaint

Pursuant to the Order entered on 03/03/2025.

I, Plaintiff, Rashon Sapp, residing at 819 Parkside Ave, by way of an Amended Complaint against **Defendant, Trenton Board of Education, James Rolle Jr, Nadia Ramcharan, and Aaron Brooks** allege as follows:

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

## Parties

Plaintiff, Rashon Sapp, is a resident of Mercer County, New Jersey, and the father of a minor child attending Thomas Jefferson Intermediate School.

Defendant, James Rolle Jr, is employed as General Counsel for the Trenton Board of Education, a public body responsible for overseeing the public schools in the City of Trenton, New Jersey, with administrative offices located at 108 North Clinton Avenue, Trenton, NJ 08609.

Defendant, **Nadia Ramcharan**, is employed as the Principal of **Thomas Jefferson Elementary School**, located in 1 Whittlesey Rd, Trenton, NJ 08618.

Defendant, **Aaron Brooks**, is employed as the Vice Principal of **Thomas Jefferson Elementary School**, located in 1 Whittlesey Rd, Trenton, NJ 08618.

Defendant, Trenton Board of Education or Trenton Public School District is a comprehensive community public school district, serving students in grades pre-K-12 from Trenton (Mercer County), New Jersey.

## Jurisdiction and venue

This Court has federal question jurisdiction over this civil action arising from **(1)** the First Amendment, **(2)** Intentional Infliction of Emotional Distress, (3) Retaliation, (4) Defamation[Slander & Libel], **(5)** Intentional interference with contractual relations, (6)

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

42 U.S.C. § 1983, and **(7)** 14th amendment of the United States Constitution, **(8)** 42 U.S. Code § 5891 - Sex discrimination prohibited and **(9)** Gross Negligence as the cause of action and every single statue that is applicable but not listed.

Venue is properly laid in this Court pursuant to the applicable rules under 28 U.S.C. § 1343.

The United States District Court therefore has original subject matter jurisdiction over the Complaint pursuant to the provisions of 28 U.S.C. § 1331,

## Introduction

This case involves several legal issues, primarily centered around the First Amendment, 14th Amendment, and 42 U.S.C. § 1983 claims.

I, the plaintiff, a Muslim, alleges that **Defendant, Trenton Board of Education, James Rolle Jr, Nadia Ramcharan, and Aaron Brooks** have violated my First Amendment rights by denying my request to pick up my child for religious observance on Fridays. I argue that this denial constitutes a violation of my right to free exercise of religion.

Additionally, I assert a 14th Amendment claim, arguing that the defendants' actions deprived me of my substantive parental rights without due process.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

Under 42 U.S.C. § 1983, I claim that the school officials, acting under color of state law, infringed upon my constitutional rights. I also make the claims of Intentional Infliction of Emotional Distress, Retaliation, Defamation, Intentional Interference with Contractual Relations, and Gross Negligence. I argue that the actions of the defendants', including the false statements made by Ms. Ramcharan and the subsequent ban from school premises, were extreme and outrageous, and they caused me extreme emotional distress.

My retaliation claim is based on the school's retaliatory actions following my complaints and lawsuit. My defamation claims arise from the false statements made by the defendants' which harmed my reputation. My claim of Intentional Interference with Contractual Relations relates to the disruption of my parenting schedule. Lastly, my claim of Gross Negligence arises from the reckless actions of **Defendants, Trenton Board of Education, James Rolle Jr, Nadia Ramcharan, and Aaron Brooks** that completely disregarded my rights. If God wills, the evidence presented will establish these claims.

In the context of my case against the Trenton Board of Education, Constitutional and Civil Rights Law will be particularly relevant due to the alleged violation of First Amendment rights.

The First Amendment of the U.S. Constitution protects individuals' rights to freedom of religion, speech, and assembly. In this case, I, the plaintiff, claim that the **Defendants, Trenton Board of Education, James Rolle Jr, Nadia Ramcharan, and Aaron Brooks,** denied my request to pick up my child for religious observance without a legal basis, which constitutes a violation of my right to freely exercise my religion. The Free Exercise Clause of the First Amendment prohibits the government from interfering with individuals' religious practices unless there is a compelling state interest that justifies such interference. The school may argue that their actions were

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

necessary to ensure Aiden's education, but they must demonstrate that their policy is the least restrictive means of achieving that interest.

The Equal Protection Clause of the Fourteenth Amendment requires that no state shall deny to any person within its jurisdiction the equal protection of the laws. <u>My argument is that the school's actions were discriminatory based on my religious beliefs, thus violating the Equal Protection Clause</u>. The school must show that their actions were not motivated by discriminatory intent and that they were applied equally to all students regardless of their religious beliefs.

My claim of retaliation is also significant in this case. I Rashon Sapp allege that after I filed a lawsuit against the school, I faced retaliatory actions, including being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

## Standard of Review

The First Amendment of the United States Constitution protects the right to freedom of religion and freedom of expression from government interference. It prohibits any laws that establish a national religion, impede the free exercise of religion, abridge the freedom of speech, infringe upon the freedom of the press, interfere with the right to peaceably assemble, or prohibit citizens from petitioning for a governmental redress of grievances. Respect for religious expressions is indispensable to life in a free and diverse Republic.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

In Kennedy v. Bremerton School District, 597 U.S. ___ (2022) the court held that the Free Exercise and Free Speech Clauses of the First Amendment protect an individual engaging in a personal religious observance from government reprisal; the Constitution neither mandates nor permits the government to suppress such religious expression. Pp. 11–32.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress (42 U.S.C. 1983).

The Supreme Court has defined retaliation as an intentional act in response to a protected action. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173-74 (2005). Citing Jackson, the court in Gutierrez underscored the intentional nature of a retaliation complaint: **"Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment." Gutierrez, 2005 WL 2346956, at \*5. The complained of matter need not be a complaint; it can be any lawful conduct that an individual engages in connected with a protected right. "The very concept of retaliation is that the retaliating party takes action against the party retaliated against after, and because of, some action of the latter."** Fed. Mar. Bd. v. Isbrandtsen Co., 356 U.S. 481, 514 (1958). It carries with it the notion of "getting even." See id. As noted in a 2011 law review article:

To prove prima facie defamation, a plaintiff must show four things: 1) a false statement purporting to be fact; 2) publication or communication of that statement to a third person; 3) fault

بِسْمِ ٱللّٰهِ ٱلرَّحْمٰنِ ٱلرَّحِيمِ

amounting to at least negligence ; and 4) damages , or some harm caused to the reputation of the person or entity who is the subject of the statement.

Tortious interference with contract rights occurs when one party persuades another to breach its contract with a third-party using blackmail, threats, influence, etc. The tortfeasor is the person who interferes with the contractual relationship between others. When a tortfeasor is aware of an existing contract and deliberately induces a breach by one of the contract holders, it is termed "tortious inducement of breach of contract"

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. (14th Amendment)

Gross negligence is a heightened degree of negligence representing an extreme departure from the ordinary standard of care. Falling between intent to do wrongful harm and ordinary negligence, gross negligence is defined as willful, wanton, and reckless conduct affecting the life or property or another.

42 U.S. Code § 5891 - Sex discrimination prohibited - No person shall on the ground of sex be excluded from participation in, be denied a license under, be denied the benefits of, or be subjected to discrimination under any program or activity carried on or receiving Federal assistance under any subchapter of this chapter.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

## Statement of Facts

**1.**      I have joint legal custody of my minor child.

**2.**      My child started his first year of 4th grade at Thomas Jefferson Intermediate School. For 3rd grade he attended a different Trenton public school.  Thursday September 5th was the first day of school for Thomas Jefferson Intermediate School, located at 1 Whittlesey Ave, Trenton NJ, 08618.

**3.**      I am a Muslim.  Friday is our religious day. In our Holy Book, God says "O ye who believe! When the call is proclaimed to prayer on Friday (the Day of Assembly), hasten earnestly to the Remembrance of Allah, and leave off business (and traffic): That is best for you if ye but knew!

**4.**      Every Friday at noon, my child and I would come together and join our brothers for the Friday sermon and prayer. Friday September 6th, I picked him from Thomas Jefferson Intermediate School at noon for prayer.  There was no problem. The following week, September 13th, I picked him from Thomas Jefferson Intermediate School at noon for prayer.  That day, I spoke directly to Principal Nadia Ramcharan (Hereinafter: Ms. Ramcharan).

**5.**      I expressed to Ms. Ramcharan that I would be picking Aiden up every Friday for prayer and that I can write her a letter if need be.  She responded that she would need to confer with the school manual on the proper procedures but for the time being she said that I can take him out. We left. There was no problem.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

6.      On September 17th, I wrote Ms. Ramcharan a letter stating that due to our religious obligations as practicing Muslims,  I will be picking up my child, for early dismissal every Friday between 12:00 p.m. and 1:00 p.m., if God willed. (See attached) [Letter to Principal]

7.      In my letter I included a request for my child's teacher to prepare any necessary work or assignments for the day ahead of time, so that my child can complete any missed lessons or tasks at home.

8.      On September 20th, 2024, I went into the school building to pick up my child for prayer. The security guard said, "My supervisor told me that I can't let Aiden go with you". I demanded to speak with the principal and then I waited in the main office until Ms. Ramcharan said I could come in. She was there with another woman.

9.      Ms. Ramcharan was holding a paper. I preceded to ask her why I cannot pick my son up, and she replied, Ms. Barber (my son's mom) told her that I only pick him up on Monday and Wednesday.

10.      I told principal Ramcharan that it was not true, and that the order she is referring to is outdated, and that I have the official court order. She said, "Well mom brought in this paper, so until we see yours, I cannot let him leave".  I left the school building and went to the courthouse to get a copy of the most recent court order, and I returned to the school that same day.

11.      Ms. Ramcharan read it and said "Well, He can pray here in school and that 2 ½ hours once a week was too much for my child to miss". I told Ms. Ramcharan that I would sue her.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

12.     On September 20th, I filed a formal complaint with the Department of Education @ email address - school.ethics@doe.nj.gov. On September 23rd, 2024, I filed a civil lawsuit against Nadia Ramcharan in the Superior Court of Mercer County.

13.     As of March 28th, 2025, I have yet to receive any documentation, letter or answer to why my religious request was denied.

14.     I returned that following Monday September 23rd with the 2 officers from the Trenton Police Department. I was escorted by those two officers into the main office and then into Ms. Ramcharan's office. This time she was there with the vice principal Aaron Brooks (hereinafter: Mr. Brooks or Vice Principal Brooks).

15.     In the room are me, the two Trenton police officers, Ms. Ramcharan and vice principal Brooks. I asked the officers were they recording, they said yes, then I asked Ms. Ramcharan for the paper stating why my religious request was denied.

16.     She replied, "The Board will be sending it to you". Then I asked her for whatever papers are in her possession from Ms. Barber concerning me. Ms. Ramcharan said, "this is all we have" and she handed me a copy of my final restraining order against Ms. Barber".

17.     The two police officers escorted me out, and while doing so, Ms. Ramcharan asked to speak with the officers privately. I have neither spoken to nor seen Ms. Ramcharan from that day.

18.     On Wednesday September 25th, my child was suspended from school.

19.     I pick my child up from school every Monday, Wednesday and Friday. Ms. Ramcharan knew this because she gave me back a copy of my restraining order against Ms. Barber which

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

contained the parenting schedule. However, intentionally to spite me, she called Ms. Barber to pick our child up on my parenting day.

20.    I called the Trenton Police Department's non-emergency line to fill at bias crime against the principal Ramcharan.

21.    I walked to the school, it was an 8minute walk or so, and it was beginning to rain. When I arrived, Mr. Brooks was Infront of the school on 1 Whittlesey Ave, he was handling the school bus traffic.

22.     I told Mr. Brooks; that I called the cops and I asked him if he was okay with me sitting across from the school while I wait. He said no problem. Then he asked me why I was at the school. I told him why.

23.    I told him that Ms. Barber is using the school system to harass me; I brought his attention to the fact that Ms. Barber brought the school my final restraining order.  His exact words were "Why would she bring us your restraining order, that's weird".

24.    He then proceeded to tell me that Ms. Ramcharan did not call Ms. Barber, He did and that it was an honest mistake. I told him God was our witness, and that since he admitted that it was mistake, I didn't need to proceed further. I called the Trenton Police Department back and cancelled the complaint.

25.    Mr. Brooks swore that from now on, he would call me on Monday's, Wednesday's and Friday's --- which are my court appointed days and that was satisfactory for me.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

26. My son was scheduled to come back to school that Friday, Mr. Brooks informed me that there would be a meeting. I told him OKAY, I'll be there. He said alright and that was the end of our conversation.

27. Later that day On September 25th, I spoke with my child's mother via the court appointed talking parent app.

28. Her response was "Rashon, I took the court order to the school because it was raised concerns about Aiden leaving school early two Fridays in a row when I had no idea of it and it's not ok." If God wills, I can produce the screenshot of the conversation at discovery.

29. On Thursday September 26th I returned to the school to ask who contacted Ms. Barber with concerns. Again, I was met at the door by Mr. Brooks. He asked me to ask Ms. Barber – Who exactly called her with concerns because the principal does not usually make phone calls regarding attendance.

30. On Thursday September 26th, I said to Ms. Barber via the court appointment talking parent's app "Bismillah. I just left the school, the vice principal (the one you brought the paper too), He specifically asked me to ask you. "Who exactly called you from the school to tell you that they had concerns over him missing 2 Fridays in a row." God, willing I can produce the screen shot of the conversation. Ms. Barber read my message and ignored my question.

31. The very next day, Friday September 27th I got to Thomas Jefferson Intermediate school at 8am. School starts at 8am so I assumed that the meeting would be at 8am. I went up to the school door and the security made me wait outside. Mr. Brooks was over to my right. He said Mr. Sapp why are you here so early the meeting isn't until 9am. I said okay, no problem I will

بِسْمِ ٱللّٰهِ ٱلرَّحْمٰنِ ٱلرَّحِيمِ

come back at 9am. Mr. Brooks said okay. I left. *My son's mother did not tell me about the meeting, the only reason i even knew about the meeting was because of Mr. Brooks*

32.     I came back roughly 8:50am. When I got to the door, the security guards instantly tell me **"I cannot come in because the school is on lockdown, no one in and no one out".** I called the Trenton police emergency line to report a bias crime.

33.     While I was waiting for the police to arrive, the security guards let in 4 mothers' and 1 male employee. I was recording and if God wills, I can produce the evidence. They would signal every woman and child to come to the side door, while I was left outside.

34.     Then Ms. Barber (my child's mother) came walking up and they immediately let her in the building. I was recording and I can produce the evidence. Mr. Brooks was standing directly in front of the door, staring at me like he didn't know what was going on. He knew 2 days prior and 1-hour prior that I would be there.

35.     Then I sat down on the ground near the entrance of the school and began reading my Holy Book, while I wait for the police to arrive. Two police officers arrive, they were the same two officers who escorted me in previously, and the same two officers Ms. Ramcharan spoke with privately.

36.     I was recording and if God wills, I can produce the evidence. I stood up anticipating that they were there because I called them. They walked right past me and said "You have to wait, because the school called first". I sat back down and continued reading.

بِسْمِ ٱللَّهِ ٱلرَّحْمٰنِ ٱلرَّحِيمِ

37.    Another officer arrives and just like his two colleagues he walked right past me into the building. Inside the school building, Ms. Ramcharan, Mr. Brooks, Ms. Barber and the 3 police officers conducted a private meeting.

38.    I continued reading my Holy Book, then something told me to leave because they are planning to do something evil to you. So, I took heed, and I left. Roughly 20 minutes after I arrived home, I received a hand delivered letter stating

"Effectively immediately and until further notice, you are prohibited from entering any Trenton Board of Education building for any reason, including any sporting events. You are expected to make alternative arrangements to pick-up and drop off your child. If you believe you need to be present at the school location for any reason, you must receive prior approval from the building principal before entry and you may enter only for the limited purpose that entry was granted. If you are found to be on school grounds without the necessary approval, you will be deemed a trespasser, removed from the premises, and the police will be called.". Signed by James Rolle Jr of the Trenton Board of Education.

39.    Roughly 40 minutes after I received the hand delivered letter, I received an email from the Superior Court of Mercer County notifying me that Ms. Barber filed an emergent hearing and that the case would be heard at noon. Her complaint said the following

"Mr. Sapp is not following the court ordered parenting time by requesting to pick Aiden up from school every Friday, He has also been sending harassing messages. Mr. Sapp has been up to Jefferson Elementary during school hours multiple times harassing the principal and school staff. Mr. Sapp has also served multiple civil lawsuits to the principal. He told principal to "Google me". School time is 8am to 2:30pm. He is also showing signs of mental unstableness. I

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

am requesting to amend the order and change pickup and drop-off schedule. I also do not want any contact. There is also a letter written by school's lawyer permitting any contact / being on TPS grounds". If God Wills, I will produce the evidence at discovery.

**40.**    During the hearing Ms. Barber stated on record that the school staff is in the hallway of the courthouse. I can produce the transcript if requested. Ms. Ramcharan went with Ms. Barber to family court to file these bogus claims.

**41.**    As of March 28th, 2025, it has been 6 months, and the board of education has yet to provide one piece of evidence to support their ban.

## LEGAL CLAIMS

### CLAIM 1. Deprivation of Rights Under 42 U.S.C. § 1983

42.    I, Plaintiff repeats and re-alleges 8-13 of the preceding paragraphs as though fully set forth herein.

**43.**    Defendant James Rolle Jr acting under the color of law, engaged in actions that caused me, a citizen of the United States to be subjected to the deprivation of rights, privileges, or immunities secured by the Constitution.

**44.** Defendant Nadia Ramcharan acting under the color of law, engaged in actions that caused me, a citizen of the United States to be subjected to the deprivation of rights, privileges, or immunities secured by the Constitution.

بِسْمِ ٱللّٰهِ ٱلرَّحْمٰنِ ٱلرَّحِيمِ

**45.** Defendant, Aaron Brooks acting under the color of law, engaged in actions that caused me, a citizen of the United States to be subjected to the deprivation of rights, privileges, or immunities secured by the Constitution.

### CLAIM 2. Gross Negligence

**46.**    I, Plaintiff repeat and re-allege 8 – 41 of the preceding paragraphs as though fully set forth herein.

**47.**    Defendant James Rolle Jr demonstrated a reckless disregard for my safety and well-being with conduct that was willful, wanton, reckless and an extreme departure from the ordinary standard of care. His failure to use even slight care to avoid harming the life or property of another meets the legal standard for gross negligence.

**48.**    Defendant Nadia Ramcharan demonstrated a reckless disregard for my safety and well-being with conduct that was willful, wanton, reckless and an extreme departure from the ordinary standard of care. Her failure to use even slight care to avoid harming the life or property of another meets the legal standard for gross negligence.

**49.**    Defendant Aaron Brooks demonstrated a reckless disregard for my safety and well-being with conduct that was willful, wanton, reckless and an extreme departure from the ordinary

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

standard of care. His failure to use even slight care to avoid harming the life or property of another meets the legal standard for gross negligence.


## CLAIM 3. Violation of Due Process Clause (14th Amendment)

**50.**    I, Plaintiff repeat and re-allege 31 - 41 of the preceding paragraphs as though fully set forth herein.

**51.**    Defendant James Rolle Jr, violated my 14th Amendment Right to due process of law by holding an illegal meeting that deprived me of my right to raise my child as a parent without providing me due process of law, intentionally failing to provide me due process of law.

**52.**    Defendant Nadia Ramcharan violated my 14th Amendment Right to due process of law by participating in the illegal meeting that deprived me of my right to raise my child as a parent intentionally failing to provide me due process of law.

**53.**    Defendant Aaron Brooks violated my 14th Amendment Right to due process of law by having knowledge of the illegal meeting that deprived me of my right to raise my child as a parent and intentionally failed to provide me due process of law.


## CLAIM 4. Violation of 1st Amendment (14th Amendment)

**54.**    I, Plaintiff repeat and re-allege 1 - 13 of the preceding paragraphs as though fully set forth herein.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

55.     Defendant James Rolle Jr engaged in conduct that violated my 1st Amendment rights by unduly preferring non-religion over religion and interfering with my right to peaceably assemble for religious purposes.

56.     Defendant Nadia Ramcharan engaged in conduct that violated my 1st Amendment rights by unduly preferring non-religion over religion and interfering with my right to peaceably assemble for religious purposes.

57.     Defendant Aaron Brooks engaged in conduct that violated my 1st Amendment right by unduly preferring non-religion over religion and interfering with my right to peaceably assemble for religious purposes.

## CLAIM 5. Retaliation

58.     I, Plaintiff repeat and re-allege 13 - 41 of the preceding paragraphs as though fully set forth herein.

59.     Defendant James Rolle Jr engaged in retaliatory conduct meant to punish me for filing a lawsuit against defendant Nadia Ramcharan. After I filed a lawsuit against Nadia Ramcharan, I faced retaliatory actions, including being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

60.     Defendant Nadia Ramcharan engaged in retaliatory conduct meant to punish me for filing a lawsuit against her. After I filed a lawsuit against Nadia Ramcharan, I faced retaliatory actions, including being banned from all Trenton Board of Education buildings, extreme

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

61.    Defendant Aaron Brooks engaged in retaliatory conduct meant to punish me for filing a lawsuit against defendant Nadia Ramcharan.  After I filed a lawsuit against Nadia Ramcharan, I faced retaliatory actions, including being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.


### COUNT 6. Defamation (Slander & Libel)

62.    I, Plaintiff repeat and re-allege 32 - 41 of the preceding paragraphs as though fully set forth herein.

63.    Defendant Nadia Ramcharan knowingly made false statements to James Rolle Jr and those false statements caused actual harm to my reputation and a deprivation of my rights.

64.    Defendant James Rolle Jr publicized the false statements made by defendant Nadia Ramcharan and those false statements caused actual harm to my reputation and a deprivation of my rights.

بِسْمِ اللهِ الرَّحْمٰنِ الرَّحِيمِ

## CLAIM 7. Intentional interference with contractual relations

65.    I, Plaintiff repeat and re-allege 32 - 41 of the preceding paragraphs as though fully set

forth herein.

66.    Defendant Nadia Ramcharan knowingly and intentionally interfered with the final
restraining order and parenting time contract between myself, the court and my child's mother.
As a result of her conduct my right to parent my child and ability to perform my contractual
obligations were negatively impacted.

67.    Defendant Aaron Brooks knowingly and intentionally interfered with the final restraining
order and parenting time contract between myself, the court and my child's mother. As a result
of his conduct my right to parent my child and ability to perform my contractual obligations were
negatively impacted.

## CLAIM 8. Intentional Infliction of Emotional Distress

68.    I, Plaintiff repeat and re-allege 8 - 41 of the preceding paragraphs as though fully set

forth herein.

69.    Defendant James Rolle Jr engaged in malice conduct meant to cause me extreme
emotional distress only because I filed a lawsuit against defendant Nadia Ramcharan.  After I
filed a lawsuit against Nadia Ramcharan, I faced retaliatory actions, including being banned from
all Trenton Board of Education buildings, extreme emotional distress, defamation (slander &

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

70.    Defendant Nadia Ramcharan engaged in malice conduct meant to cause me extreme emotional distress only because I filed a lawsuit against defendant her. After I filed a lawsuit against Nadia Ramcharan, I faced retaliatory actions, including being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

71.    Defendant Aaron Brooks engaged in malice conduct meant to cause me extreme emotional distress only because I filed a lawsuit against defendant Nadia Ramcharan. After I filed a lawsuit against Nadia Ramcharan, I faced retaliatory actions, including being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

### CLAIM 9. 42 U.S. Code § 5891 - Sex discrimination prohibited

72.    I, Plaintiff repeat and re-allege 8 - 41 of the preceding paragraphs as though fully set forth herein.

73.    Defendant James Rolle Jr engaged in malice conduct due to my gender(male). His discriminatory actions were based upon his rooted belief that as a father, I did not have custody of my child. As a result of his discriminatory behavior, I was subjected to being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel),

بِسْمِ اللهِ الرَّحْمٰنِ الرَّحِيمِ

a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

74.    Defendant Nadia Ramcharan engaged in malice conduct due to my gender(male). Her discriminatory actions were based upon his rooted belief that as a father, I did not have custody of my child. As a result of her discriminatory behavior, I was subjected to being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

75.    Defendant Aaron Brooks engaged in malice conduct due to my gender(male). His discriminatory actions were based upon his rooted belief that as a father, I did not have custody of my child. As a result of his discriminatory behavior, I was subjected to being banned from all Trenton Board of Education buildings, extreme emotional distress, defamation (slander & libel), a loss of parenting time, a loss of my substantive right to parent my child, threats of incarceration and a deprivation of rights.

## RELIEF SOUGHT

WHEREFORE, I, Plaintiff respectfully request that the Court grant the following relief:

76.    Declaratory judgment stating that Defendants failed to provide due process of law and by doing so violated my substantive right to parent my child and my substantive right to parent my child under the United States Constitution.

بِسْمِ ٱللَّهِ ٱلرَّحْمَٰنِ ٱلرَّحِيمِ

**77.**    An injunction preventing Defendants from enforcing the prohibition barring me from entering Trenton Board of Education buildings.

**78.**    An order requiring Defendant to immediately provide a written statement as to why my request was denied.

**79.**    Compensatory damages for the emotional distress and harm suffered by Plaintiff as a result of Defendant's actions;

**80.**    Punitive damages to deter Defendant and other public officials from engaging in similar retaliatory conduct in the future;

**81.**    Reasonable attorneys' fees and costs of this action;

**82.**    Any other relief this Court deems just and equitable.

بِسْمِ ٱللّٰهِ ٱلرَّحْمٰنِ ٱلرَّحِيمِ

JURY DEMAND. The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to 28 USC App Fed R Civ P Rule 38: Jury Trial of Right

Respectfully submitted,

Rashon Sapp, Plaintiff