| | |
|---|---|
| RASHON SAPP<br><br>            Plaintiff,<br><br>v.<br><br>TRENTON BOARD OF EDUCATION,<br>JAMES ROLLE JR, NADIA RAMCHARAN,<br>AARON BROOKS<br>            Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>DOCKET NO.: 3:24-cv-10360-GC-JTQ<br><br>Civil Action |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6).**

ADAMS LATTIBOUDERE CROOT & HERMAN, LLC
Woodbridge Towers
555 Route 1 South, Suite 240
Iselin, NJ 08830
(973) 735-2742
Attorneys for Defendants,
Trenton Board of Education, James Rolle Jr., Nadia Ramcharan, and Aaron Brooks

Of Counsel and On the Brief:
Perry L. Lattiboudere, Esq. (Attorney ID #: 034271993)

On the Brief:
Adam S. Herman, Esq. (Attorney ID #: 028301998)

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......................................................................... iii

**PRELIMINARY STATEMENT** ................................................................... 1

**LEGAL ARGUMENT** ................................................................................... 2

**POINT I** ........................................................................................................... 2
THE MOTION TO DISMISS STANDARD

**POINT II** .......................................................................................................... 3
IPLAINTIFF'S CLAIM OF A VIOLATION OF HIS DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983 IN HIS AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**POINT III** ........................................................................................................ 5
PLAINTIFF'S CLAIM OF DEPRIVATION OF HIS 1st AMENDMENT RIGHTS FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**POINT IV** ........................................................................................................ 5
PLAINTIFF'S CLAIM OF RETALIATION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**POINT V** .......................................................................................................... 6
PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED REGARDING A VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT

**POINT VI** ........................................................................................................ 7
PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF GROSS NEGLIGENCE

**POINT VII** ...................................................................................................... 8
PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**POINT VIII** ..................................................................................................... 8
PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF DEFAMATION

**POINT IX** ........................................................................................................ 8
PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF INTENTIONAL INTERFERENCE

WITH CONTRACTUAL RELATIONS

**POINT X** ............................................................................................... 9
PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED REGARDING A CLAIM OF DISCRIMINATION UNDER 42 USCS 5891

**CONCLUSION** ................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................................ 2
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................ 3
Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223 (3d Cir. 2013) ............................... 3
Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ................................................. 3
Garcia v. Phila. DA Office, No. 23-1224, 2023 U.S. App. LEXIS 13505 (3d Cir. June 1, 2023) .. 4
Geiling v. Hemlock Semiconductor Corp., No. 12-13119, 2012 U.S. Dist. LEXIS 152958 (E.D. Mich. Oct. 23, 2012) ........................................................................................ 9
Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ............. 4
LaPaz v. Barnabas Health Sys., 634 F. App'x 367 (3d Cir. 2015) ..................................... 6
Lochman v. Cty. of Charlevoix, 94 F.3d 248 (6th Cir. 1996) ............................................. 9
Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000) ....................................... 9
Scheuer v. Rhodes, 416 U.S. 232 (1974) ............................................................................ 2
Ucar v. Cinar Foods Inc., No. 18-8506 (KM), 2018 U.S. Dist. LEXIS 215223 (D.N.J. Dec. 19, 2018) ........................................................................................................ 6
Victor v. State, 203 N.J. 383 (2010) .................................................................................... 5

**Statutes**

N.J.S.A. § 10:5-12(d) ........................................................................................................... 6
N.J.S.A. § 59:8-8 ................................................................................................................. 7
N.J.S.A. 59:1-2 .................................................................................................................... 7
N.J.S.A. 59:8-3(a) ................................................................................................................ 7
New Jersey Law Against Discrimination ................................................................... passim
New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq*. ....................................................... 2

**Other Authorities**

42 U.S.C. 5891 ................................................................................................................ 2, 9
42 U.S.C. 1983 .................................................................................................................... 1
New Jersey School Ethics Act. N.J.S.A. § 10:5-12(d) ........................................................ 6
New Jersey Tort Claims Act ....................................................................................... 7, 8, 9

**Rules**

FRCP 12(b)(6) ................................................................................................................ 2, 10

**PRELIMINARY STATEMENT**

The instant amended complaint filed by Plaintiff, Rashon Sapp ("Plaintiff") originally began as three (3) individual complaints against the Trenton Board of Education and various employees. Plaintiff filed a complaint against Nadia Ramcharan, which was docketed as 3:24-cv-10915-RK-RLS. Plaintiff also filed a complaint against Aaron Brooks, which was docketed as 3:24-cv-10601. Plaintiff also filed a complaint against Nadia Ramcharan, Aaron Brooks, James Rolle Jr., James Earl, Jamasja Barber, Trenton Board of Education, and Thomas Jefferson Intermediary School, docketed as 3:24-cv-GC-JTQ.

On January 2, 2025, an Order consolidating the above-referenced complaints was granted due to their interconnected nature, interconnected parties, and the common nexus of fact and law. On March 3, 2025, the Court permitted Plaintiff thirty (30) days to file an amended complaint, which consolidated his claims. Plaintiff filed his amended complaint on April 2, 2025 against the Trenton Board of Education, James Rolle, Jr., Nadia Ramcharan and Aaron Brooks ("Defendants" or "Board Defendants").

Plaintiff's amended complaint against the Defendants contains nine (9) counts, all of which fail to set forth a cause of action. Plaintiff alleges the deprivation of his rights under 42 U.S.C. 1983 and the 1st and 14th Amendments of the United States Constitution. Plaintiff, however, asserts only conclusory statements that such violations occurred, but fails to set forth any single fact or evidence to support these claims. Indeed, Plaintiff's amended complaint fails to state a claim for which relief can be granted for any of these claims.

Plaintiff further alleges several torts against the Defendants, including gross negligence, defamation, intentional interference with contractual relations, and intentional infliction of emotional distress. However, Plaintiff failed to followed the New Jersey statutory procedure

1

required to sue a public entity or its employees for torts under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq*. Indeed, Plaintiff has never filed a notice of tort claim with the Defendants alleging any of the torts asserted in the amended complaint.

Plaintiff further alleges a claim of retaliation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* but provides only conclusory statements that such a violation occurred and not a single fact or piece of evidence to support his claim. Indeed, Plaintiff failed to state a claim for which relief can be granted of retaliation under the NJLAD.

Finally, Plaintiff alleges sex discrimination in contravention of 42 U.S.C. § 5891. However, this statute does not create a private right of action and Plaintiff cannot bring a suit under it.

As will be set forth in more detail below, Plaintiff's causes of action as set forth in his amended complaint fail to state a claim upon which relief can be granted. As such, Defendants respectfully submit that they are entitled to an order dismissing Plaintiff's amended complaint in its entirety pursuant to FRCP 12(b)(6).

## LEGAL ARGUMENT

I.   **THE MOTION TO DISMISS STANDARD.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether the plaintiff has sufficiently alleged facts to allow her to offer evidence in support of such claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Under Iqbal, plausibility requires "more than a sheer possibility that a defendant has acted

2

unlawfully." Id.  Pleading conclusions that are merely consistent with a defendant's liability will not give rise to a plausible entitlement to relief.  Id.  Rather, a "claim has facial plausibility [only] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  See Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n. 14 (3d Cir. 2013).

In reviewing a motion to dismiss, the court should carefully examine the complaint to eliminate purely legal conclusions and weigh the remaining facts to determine if they are sufficient to render Plaintiffs' claims plausible.  Iqbal, 556 U.S. at 679; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While detailed factual allegations are not required, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Iqbal, 556 U.S. at 679); see Twombly, 550 U.S. at 555.  Plaintiffs therefore have the obligation to provide "more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." Id.

For the reasons that follow, the District Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be granted as Plaintiff's causes of action fail to state a claim upon which relief can be granted.

## II. PLAINTIFF'S CLAIM OF A VIOLATION OF HIS DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983 IN HIS AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In a conclusory fashion, Plaintiff asserts in Count 1 that Defendants violated his constitutional rights.  Plaintiff, however, does not specify which rights were violated or even how they were violated. Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

3

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Id. This statute creates a cognizable cause of action under which Plaintiff can bring suit against Defendant. However, courts have found that in order "[t]o state a § 1983 claim against a municipality or public entity, including its employees acting in an official capacity, a complaint must allege that a constitutional deprivation was caused by an official policy or informally adopted custom." Garcia v. Phila. DA Office, No. 23-1224, 2023 U.S. App. LEXIS 13505, at *4-5 (3d Cir. June 1, 2023); *See also*, Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997); *see* Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Indeed, "in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114, 122 (1985); *citing*, Oklahoma City v. Tuttle, 471 U.S. 808, 817-818 (1985).

Plaintiff alleges that Defendants acted in their official capacity as employees for the Trenton Board of Education to violate Plaintiff's constitutional rights. Plaintiff, however, has not set forth which rights were infringed. Plaintiff has also not set forth how his rights were infringed. Moreover, Plaintiff has not alleged that Defendants acted pursuant to either a custom or policy of depriving individuals of their rights, only that his were deprived. Therefore, Plaintiff has failed to properly state a claim under 42 U.S.C. § 1983 upon which relief can be granted. For these reasons Count 1 of Plaintiff's amended complaint should be dismissed with prejudice.

### III. PLAINTIFF'S CLAIM OF DEPRIVATION OF HIS 1st AMENDMENT RIGHTS FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's allegation in Count 4 that he was deprived of his 1st Amendment rights is essentially the same claim as the allegation found in Count 1. Both Counts allege that Plaintiff's constitutional rights have been violated. Both claims are made, whether explicitly or implicitly, under 42 U.S.C. § 1983. Therefore, this claim in Count 4 is subject to dismissal for the same reasons set forth above. Plaintiff has failed to state a claim upon which relief can be granted for a violation of his 1st Amendment due process rights and, as such, Count 4 of Plaintiff's amended complaint should be dismissed with prejudice.

### IV. PLAINTIFF'S CLAIM OF RETALIATION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's claim in Count 5 of his amended complaint asserts that Defendants' ban of his entry into public schools was in retaliation for his filing a lawsuit against Principal Ramcharan. Plaintiff does not state what law he believes has been violated. If Plaintiff's claim is that his due process rights have been violated, that claim is unavailing for reasons previously stated.

To the extent Plaintiff is alleging a violation of the NJLAD, this claim is simply too vague for the Board Defendants to understand and address the claims being asserted.

The lawsuit Plaintiff filed against Principal Ramcharan was a claim pursuant to the New Jersey School Ethics Act and not a discrimination complaint. "[T]he prima facie elements of a retaliation claim under the LAD requires plaintiff to demonstrate that: (1) plaintiff was in a protected class; (2) plaintiff engaged in protected activity known to the employer; (3) plaintiff was thereafter subjected to an adverse employment consequence; and (4) that there is a causal link between the protected activity and the adverse employment consequence." Victor v. State, 203 N.J. 383, 409 (2010). Putting aside that Plaintiff is not an employee of Defendant Ramcharan, Plaintiff

fails to assert that he engaged in an activity protected under the NJLAD. N.J.S.A. § 10:5-12(d) states that it is unlawful discrimination "[f]or any person to take reprisals against any person because that person has . . . filed a complaint, testified or assisted in any proceeding under this act". N.J.S.A. § 10:5-12(d). Plaintiff does not allege that he filed a complaint under the New Jersey Law Against Discrimination, but instead under the New Jersey School Ethics Act. N.J.S.A. § 10:5-12(d) does not permit a plaintiff to bring a suit for retaliation against an individual who filed a complaint under another statute. Indeed, "[t]he NJLAD does not protect employees from 'retaliation' in some generalized sense; rather, it 'protects employees from retaliation for having opposed unlawful discrimination.'" Ucar v. Cinar Foods Inc., No. 18-8506 (KM), 2018 U.S. Dist. LEXIS 215223, at *6 (D.N.J. Dec. 19, 2018); *citing,* N.J. Stat. Ann. 10:5-12(d), LaPaz v. Barnabas Health Sys., 634 F. App'x 367, 370 (3d Cir. 2015). "That is the meaning of the first element of a retaliation claim, i.e., that it stemmed from 'protected activity' under the NJLAD." Id.

For the foregoing reasons, Plaintiff has failed to state a prima facie claim of retaliation, and therefore Count 5 of Plaintiff's amended complaint should be dismissed with prejudice.

V. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED REGARDING A VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT.**

Plaintiff's allegation in Count 3 that his rights under the 14th Amendment right were violated is essentially the same claim as the allegation found in Count 1 of Plaintiff's amended complaint. These claims all allege that Plaintiff's constitutional rights have been violated. These claims are made, whether explicitly or implicitly, under 42 U.S.C. § 1983. Therefore, this claim fails for the same reasons already set forth previously. Plaintiff has failed to state a claim upon which relief can be granted for a violation of his 14th Amendment due process rights, and therefore Count 5 of Plaintiff's amended complaint should be dismissed with prejudice.

## VI. **PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF GROSS NEGLIGENCE.**

In the State of New Jersey, "public entities shall *only* be liable for their negligence *within the limitations of this act* and in accordance with the fair and uniform principles established herein." N.J.S.A. 59:1-2 (emphases added). Section 59:8-3 of the New Jersey Tort Claims Act mandates that "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. 59:8-3(a).

Defendant Trenton Board of Education is a public entity and Defendants Nadia Ramcharan, James Rolle Jr., and Aaron Brooks are being sued in their capacity as public employees. Therefore, for Plaintiff to maintain an action against Defendants, Plaintiff's claim must have first been presented in accordance with the strict procedures set forth in the New Jersey Tort Claims Act. N.J.S.A. 59:8-3(a). "Among those procedures is the requirement that a timely pre-suit notification about the existence of a claim and its particulars be provided to the defendants." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 146. Another procedure required by the New Jersey Tort Claims Act is that no suit may be filed until "[a]fter the expiration of six months from the date notice of claim is received" N.J.S.A. § 59:8-8. Once six months has elapsed since the filing of a Notice of Tort Claim, "the claimant may file suit in an appropriate court of law." Id.

Since Plaintiff did not file a notice of tort claim, Count 2 of Plaintiff's amended complaint was improperly filed and should be dismissed for failure to comply with the New Jersey Tort Claims Act.

VII. **<u>PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

Plaintiff's claim that Defendants intentionally inflicted emotional distress upon him is a tort subject to the New Jersey Tort Claims Act. Therefore, for reasons discussed in Section VI, Plaintiff was first required to file a notice of tort claim. Plaintiff has not filed a notice of tort claim and thus, he cannot maintain an action for the intentional infliction of emotional distress. Since Plaintiff did not file a notice of tort claim, Count 8 of Plaintiff's amended complaint was improperly filed and should be dismissed for failure to comply with the New Jersey Tort Claims Act.

VIII. **<u>PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF DEFAMATION</u>**

Plaintiff's claim that Defendants defamed him is a tort claim as defamation is a tort. Therefore, for reasons discussed in Sections VI and VII, Plaintiff was first required to file a notice of tort claim. Plaintiff has not filed a notice of tort claim and thus, he cannot maintain an action for defamation. Since Plaintiff did not file a notice of tort claim, Count 6 of Plaintiff's amended complaint was improperly filed and should be dismissed for failure to comply with the New Jersey Tort Claims Act.

IX. **<u>PLAINTIFF HAS FAILED TO FOLLOW THE LEGAL PROCEDURES REQUIRED TO MAINTAIN A CLAIM OF INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS</u>**

Plaintiff's claim that Defendants intentionally interfered with his contractual relations is a tort claim as the intentional interference with contractual relations is a tort. Therefore, for reasons discussed in Sections VI, VII amd VIII, Plaintiff was first required to file a notice of tort claim. Plaintiff has not filed a notice of tort claim and thus, he cannot maintain an action for intentional

8

interference with contractual relations. Since Plaintiff did not file a notice of tort claim, Count 7 of Plaintiff's amended complaint was improperly filed and should be dismissed for failure to comply with the New Jersey Tort Claims Act.

X. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED REGARDING A CLAIM OF DISCRIMINATION UNDER 42 USCS 5891**

In Count 9 of his amended Complaint, Plaintiff asserts that Defendants discriminated against him in violation of 42 U.S.C. § 5891, which is the Energy Reorganization Act. Plaintiff does not demonstrate how or why the Energy Reorganization Act applies to Defendants. However, whether the statute applies to Defendants is moot as 42 U.S.C. § 5891 does not create a private right of action and thus Plaintiff cannot bring a suit under it. The use of 42 U.S.C. § 5891 in the way Plaintiff intends to use it is a novel matter for this jurisdiction. However, the District Court for the Eastern District of Michigan found that "Plaintiff bears the burden of demonstrating that Congress created a private right of action under § 5891 or § 775" and that Plaintiff had "not presented affirmative evidence of congressional intent to support the conclusion that either statute includes a private right of action". Geiling v. Hemlock Semiconductor Corp., No. 12-13119, 2012 U.S. Dist. LEXIS 152958, at 23-24 (E.D. Mich. Oct. 23, 2012)(internal citations omitted); *citing*, Lochman v. Cty. of Charlevoix, 94 F.3d 248 (6th Cir. 1996) and Pertuso v. Ford Motor Credit Co., 233 F.3d 417 (6th Cir. 2000). The Court further found that "[n]o federal court has established such a right under either statute" thus the Plaintiff's claim was dismissed. Id. Indeed, as 42 U.S.C. § 5891 does not create a private right of action, Count 9 of Plaintiff's amended complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiff's amended complaint should be dismissed pursuant to FRCP 12(b)(6) in its entirety with prejudice as each count in the amended complaint fails to state a claim upon which relief can be granted.

Respectfully submitted,

**ADAMS LATTIBOUDERE CROOT & HERMAN, LLC**
Attorneys for Defendants,
*Trenton Board of Education, James Rolle Jr., Nadia Ramcharan, and Aaron Brooks*

By: ***/s/ Perry L. Lattiboudere***
_____
PERRY L. LATTIBOUDERE, ESQ.

Dated: April 22, 2025